# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERRY M. LINDSEY, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-11-0396-HE |
| ) | |
| BRINKER INTERNATIONAL ) | |
| PAYROLL COMPANY, L.P., ET AL., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff Jerry Lindsey filed this action against his former employer, Brinker International Payroll Company, L.P. ("Brinker"), and against his former supervisor, Kody Meacham, alleging they violated provisions of the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA"), the Family and Medical Leave Act ("FMLA") and the Oklahoma Anti-Discrimination Act ("OADA").[1] He also asserts a Burk tort,[2] and claims for slander and tortious interference with contract. Defendant Meacham has moved to dismiss pursuant to Rule 12(b)(6), seeking to dismiss all claims brought against him. Plaintiff has responded and the motion is now at issue.

## BACKGROUND

---

[1] The case was filed in the District Court of Oklahoma County and later removed to this court. The first amended petition filed in state court is referred to as the "complaint" in this order.

[2] The Oklahoma Supreme Court created an exception to the general rule of employment-at-will in Burk v. K-Mart Corp., 770 P.2d 24 (Okla. 1989), recognizing a cause of action for wrongful discharge in violation of public policy. The claim is now referred to as a "Burk tort." Wilburn v. Mid-South Health Dev., Inc., 343 F.3d 1274, 1277 n. 2 (10th Cir. 2003).

Plaintiff's claims arise out of his former employment relationship with defendant Brinker. According to the complaint, Brinker operates a number of Chili's Grill & Bar restaurants in Oklahoma City. Plaintiff worked at Chili's Belle Isle location for several years, first as a manager and then, beginning in January 2009, as its general manager. The complaint alleges that in August 2009 plaintiff suffered a transient ischemic attack ("TIA") or a small stroke which resulted in plaintiff missing work for four days. Later that month, he had a second stroke which resulted in him being absent an additional nine days.

The complaint alleges that in early November 2009 Meacham, who was by then the area director, asked plaintiff to step down as general manager and return to his former position of manager. Four days later, plaintiff sent an email to Meacham complaining that he believed his recent illness and his age were the reasons for Meacham's request. Soon after receipt of the email, Meacham allegedly held a meeting with plaintiff in which he notified plaintiff that the opportunity to step down was no longer available and that plaintiff would be strictly evaluated for the next thirty days. On November 30, 2009, plaintiff had a surgical procedure and missed four days of work. On December 4, 2009, the day plaintiff returned to work, Meacham allegedly told plaintiff that three co-workers had complained about him for various reasons and that plaintiff was being terminated as a result. This suit followed.

**STANDARD**

When considering a Rule 12(b)(6) motion, all well-pleaded factual allegations in the complaint are accepted as true and those allegations and any reasonable inferences that might

be drawn from them are construed in the light most favorable to the nonmoving party. The question is whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A plaintiff must "frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting Twombly, 550 U.S. at 556). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Applying these standards, as discussed below, the court concludes that defendant's motion should be granted in part and denied in part.

## DISCUSSION

Defendant Meacham seeks the dismissal of plaintiff's ADA and ADEA claims based on discrimination and retaliation, arguing that individual, rather than employer or entity, liability is not authorized by those federal statutes. Plaintiff does not contest defendant's analysis of these statutes, which correctly states the applicable law. Individual supervisors such as Meacham do not, as such, constitute an "employer" under the ADA or ADEA, and personal capacity suits against them are therefore unavailable. *See* Butler v. City of Prairie Village, Kan., 172 F.3d 736, 744 (10th Cir. 1999) (ADA); Ledbetter v. City of Topeka, 61 Fed. Appx. 574, 575-76 (10th Cir. 2003), *affirming* 112 F. Supp. 2d 1239 (D. Kan. 2000) (ADEA). The motion will be granted as to plaintiff's claims against Meacham under these statutes.

Meacham seeks dismissal of plaintiff's state law claims under the OADA and the related Burk tort on the same general basis, arguing that individual supervisor liability does not exist as to them. Plaintiff has taken care in his complaint to make clear that he is asserting both a statutory claim under the OADA and a Burk tort. While the claims are overlapping in many respects, Oklahoma law recognizes both as distinct claims. Atkinson v. Halliburton Co., 905 P.2d 772, 774 (Okla. 1995) (concluding that both statutory and Burk remedies are available for handicap discrimination). The statutory and Burk claims are therefore analyzed separately.

The portion of the OADA specifically directed to handicap discrimination provides, in pertinent part:

> A. If a charge for discrimination in employment on the basis of handicap is filed under the provisions of Section 1101 through 1801 of Title 25 of the Oklahoma Statutes and is not resolved to the satisfaction of the charging party within one hundred eighty (180) days from the filing of such charge, the charging party may commence an action for redress against any person who is alleged to have discriminated against the charging party and against any person named as respondent in the charge, such action to be commenced in the district court of this state for the county in which the unlawful employment practice is alleged to have been committed.

25 Okla. Stat. § 1901. Thus, unlike the OADA's treatment of other forms of discrimination, the statute as to claims for handicap discrimination specifically authorizes a complaining party to "commence an action" if administrative efforts do not resolve the dispute.[3] One of

---

[3]*While the OADA does not authorize a private right of action for discrimination claims other than those based on handicap, they are generally actionable under Burk. See Saint v. Data Exchange, Inc., 145 P.3d 1037, 1038 (Okla. 2006); Collier v. Insignia Financial Group, 981 P.2d 321, 326-27 (Okla. 1999).*

4

the claims at issue here is for handicap discrimination. However, defendant argues that Oklahoma law does not recognize individual supervisor liability as to such claims.

Defendant relies on two Oklahoma Court of Appeals decisions in support of his position: Fulton v. People Lease Corp., 241 P.3d 255 (Okla. Civ. App. 2010) and Eapen v. McMillan, 196 P.3d 995 (Okla. Civ. App. 2008). Defendant particularly relies on Fulton's statement that "the Legislature did not intend to make individual employees personally liable for discrimination actions brought under the OADA, which intent is apparent from a clear reading of § 1301(1) and § 1201(5) of the OADA." 241 P.3d at 261. While that statement may well be true in other contexts, the court concludes it does not control the outcome here.[4] First, neither Fulton nor Eapen involved a claim for handicap discrimination (Fulton involved gender discrimination claims; Eapen involved race), hence the statement is dicta as applied to this case. Second, and more importantly, because those cases did not involve handicap discrimination, those courts did not have reason to address the impact of § 1901, set out above, which does specifically relate to handicap claims. The specific language of § 1901 suggests liability in handicap cases is not limited to the employer.

As noted above, § 1901 authorizes (after exhaustion of administrative remedies) the charging party to "commence an action for redress against any person who is alleged to have discriminated against the charging party and against any person named as respondent in the

---

[4]*In a strict sense, decisions of an intermediate court of appeals as to a state law question do not bind a federal court, see Trigden v. Renfrow, 511 F.3d 1072, 1082 (10th Cir. 2007), but are considered for their persuasive authority.*

5

charge . . . ." The statute does not limit the charge to one's "employer," but instead authorizes an action against any "person" who discriminates based on handicap.[5] "Person" is defined broadly, to include individuals. 25 U.S.C. § 1201(5). Moreover, the statute authorizes suit against the named respondent (in the administrative charge) and any person who allegedly discriminated against the party. With rare exceptions, a statute is to be interpreted according to its plain language. Lindsay v. Thiokol Corp., 112 F.3d 1068, 1070 (10th Cir. 1997). No exception appears to be applicable here.[6] While conceding some uncertainty in light of Fulton and Eapen, the court continues to adhere to its view of this issue as stated in Marion v. Johnson Claim Serv., CIV-04-0864-HE (W.D. Okla. Sept. 17, 2004). As a result, and as plaintiff alleges facts directed to defendant Meacham's potential liability as the person discriminating based on handicap, the court concludes defendant's motion must be denied insofar as it goes to plaintiff's statutory OADA handicap claim.

The court concludes, however, that the complaint does not state a claim against Meacham based on a Burk tort. The Oklahoma Supreme Court has not squarely addressed the issue of potential Burk liability for individuals or supervisors who do not otherwise qualify as employers. However, as noted above, both Fulton and Eapen involved Burk,

---

[5]*Even if the more restrictive term "employer" had been used, the OADA definition of that term includes, in certain circumstances, an "agent" of a person otherwise qualifying as an employer. 25 Okla. Stat. § 1301(1). Fulton and Eapen note the reference to "agent," but do not give it controlling significance in light of other statutory provisions.*

[6]*A statute's plain language may not control where its literal application may produce a result at odds with the intention of its drafters, where it would lead to absurd consequences, or where necessary to reconcile two potentially conflicting statutes. Lindsay, 112 F.3d at 1070.*

6

rather than statutory, claims and concluded that individual liability was not contemplated by the Burk doctrine. That conclusion is consistent with previous decisions of this and other federal courts. *See* Richardson v. Watco Companies, Inc., No. CIV-10-47-HE, 2010 WL 4394229, at *2 n. 5 (W.D. Okla. Nov. 1, 2010); Hall v. YMCA of Greater Tulsa, No. 09-CV-630, 2010 WL 2196554, at *4 (N.D. Okla. May 26, 2010); Cochlin v. Dobson Comm'n Corp., No. CIV-06-32-HE, 2007 WL 852560, at *1 (W.D. Okla. Mar. 16, 2007). Accordingly, the court concludes the complaint fails to state a claim, based on Burk, against defendant Meacham.

The court is mindful of the tension between its conclusions as to the potential for individual liability under the statute versus the Burk tort. Given the Oklahoma Supreme Court's view that all employment discrimination involves a single class and that all discrimination victims must be afforded the same rights as other members of the class,[7] it may well conclude that if a victim of handicap discrimination can assert individual supervisor liability, then victims of other forms of discrimination must also be able to do so. However, that result is not obvious in light of the Fulton and Eapen decisions and the considerations discussed in them, nor is it clear that this court's view of the reach of the statutory claim will ultimately prevail. Further, the potential constitutional question has not been the focus of the parties' attention here. In any event, the ultimate resolution will have to await further

---

[7]*That court has concluded that Art. V, Sec. 46 of the Oklahoma Constitution, which prohibits special laws regulating, among other things, the "practice or jurisdiction" of judicial proceedings, mandates that all victims of discrimination, regardless of type, constitute a single, unified class and must have uniform remedies. See* Saint *and* Collier, *supra note 3.*

7

consideration by the Oklahoma courts.

Defendant Meacham also asserts that he is not subject to FMLA liability, because he is not an "employer" under the statute. Under the FMLA, the term "employer" includes "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer." 29 U.S.C. § 2611(4)(A)(ii)(I). FMLA regulations provide this definition applies to "individuals such as corporate officers 'acting in the interest of an employer.'" 29 C.F.R. § 825.104(d). While the issue of individual liability for an FMLA violation is not as clearly defined as it is for purposes of other federal statutes, it is at least clear that, to be an "employer," one must act directly or indirectly in the interest of the employer to the employee. That is, there must be some supervisory authority by the particular defendant over the plaintiff and the plaintiff's request for FMLA leave. *See* Benavides v. City of Oklahoma City, No. CIV-11-126-C, 2011 WL 1457331, at *2 (W.D. Okla. Apr. 14, 2011) and cases cited therein. Here, while the complaint is not as detailed as would be ideal in making the determination, the court concludes it is sufficient to state a plausible claim. It alleges Meacham is the area director and that he has authority over persons like plaintiff, a general manager at the times in question. It alleges plaintiff notified an earlier area director of his TIA and of the need for time to be off work, suggesting that an area director has control of such matters. The complaint suggests Meacham had the power to hire and fire employees and to control the conditions of employment. The court concludes these allegations are sufficient to state a claim under the FMLA.

Defendant Meacham also seeks to dismiss plaintiff's slander claim, arguing that the

allegedly slanderous statement was made in connection with the administrative process of the Oklahoma Employment Security Commission ("OESC") and is therefore privileged. Plaintiff has failed to respond to this issue.[8] The court concurs with defendant's position. Oklahoma recognizes that parties to a suit are immune from defamation or similar liability for communications made during, or preliminary to, judicial proceedings as long as the communication is in some way relevant to the proceeding. Further, the privilege extends to communications made in connection with administrative proceedings which are quasi-judicial in nature. *See* Kirschstein v. Haynes, 788 P.2d 941, 947-48 (Okla. 1990). According to plaintiff's complaint, the defendants submitted a written objection to the OESC challenging plaintiff's application for unemployment compensation. Because the objection was made as part of, and was relevant to, the OESC process, it was privileged under Oklahoma law. Plaintiff's claim must therefore be dismissed.

Finally, defendant Meacham seeks to dismiss plaintiff's claim for tortious interference with a contract. Meacham claims that plaintiff has failed to plead the necessary elements of a tortious interference claim and that, even if he did, he has failed to allege Meacham acted outside the scope of his employment. The elements for a tortious interference claim are: "(1) interference with a business or contractual right; (2) malicious and wrongful interference that is neither justified, privileged, nor excusable; and (3) damage proximately sustained as a

---

[8]*A district court may not grant a Rule 12(b)(6) motion to dismiss based solely on a plaintiff's failure to respond to a particular issue. See* Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003). Rather, it "must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted."* Id. *at 1178.*

9

result of the interference." Tuffy's, Inc. v. City of Oklahoma City, 212 P.3d 1158, 1165 (Okla. 2009). Further, under Oklahoma law, an agent or employee generally cannot be held liable for interfering with a contract between the principal and a third party. Voiles v. Santa Fe Minerals, Inc., 911 P.2d 1205, 1210 (Okla. 1996). However, liability may exist where the agent or employee acts in bad faith and contrary to the interests of the principal. Martin v. Johnson, 975 P.2d 889, 896-7 (Okla. 1998). More than mere bad judgment on the part of the agent/employee is required however. Id.

Here, plaintiff's complaint makes a wholly conclusory allegation that Meacham was acting in bad faith, but otherwise asserts no facts to support such a conclusion or to suggest that he was pursuing some agenda or interest of his own. Meacham's alleged actions may have been improper or showed poor business judgment, but there is nothing in the allegations to suggest that he was attempting to advance anyone's interests other than those of his employer. As a result, no basis for a claim is stated.

## CONCLUSION

Accordingly, defendant Meacham's motion to dismiss [Doc. #9] is **GRANTED IN PART** and **DENIED IN PART** as follows: plaintiff's ADA, ADEA, Burk tort, slander per se and tortious interference claims against Meacham are dismissed. The motion is denied as to plaintiff's claims under the OADA and the FMLA.

**IT IS SO ORDERED**.

Dated this 22nd day of June, 2011.

JOE HEATON
UNITED STATES DISTRICT JUDGE